OLAF W. HEDBERG (Bar No. 151082)
Law Office of Olaf W. Hedberg
901 H Street, Suite 301
Sacramento, CA 95814-1808
Telephone: (916) 447-1192
Email: ohedberg@yahoo.com

Attorney for Defendant
**MICHAEL KHANNA**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL KHANNA.,<br><br>    Defendant. | Case No. 2:22-CR-0213 KJM<br><br>**EX PARTE REQUEST FOR ORDER ISSUING SUBPOENA DUCES TECUM TO THE KAIMON GROUP, INC. dba SCRAPRIGHT; [PROPOSED] ORDER DIRECTING U.S. MARSHAL TO SERVE SUBPOENA**<br><br>**[LOCAL RULE 141]**[1] |

I.  INTRODUCTION

Michael Khanna, through appointed counsel Olaf Hedberg ("Defendant"), requests an order to issue a Subpoena Duces Tecum to The Kaimon Group, Inc. dba ScrapRight ("ScrapRight"), 413 Phoenix Drive, Chambersburg, PA 17021. Defendant also seeks a court order directing the United States Marshal to serve the subpoena duces tecum upon ScrapRight.

The ScrapRight subpoena is attached to Defendant's request as Exhibit A.

/ / /

---

[1] Submitted to Duty Judge Magistrate Judge Kim at cskorders@caed.uscourts.gov.

EX PARTE REQUEST RE: SUBPOENA TO SCRAPRIGHT; [PROPOSED ORDER]
*U.S. v. Michael Khanna*. 2:22-CR-0213 KJM

1

## II. BACKGROUND

Defendant Michael Khanna, members of his family, and others are charged with conspiracy to transport stolen property interstate; conspiracy to launder money; and interstate transportation of property. First Superseding Indictment, Doc. 247 ("1SSI"). The government alleges that Defendants conspired to transmit catalytic converters to the Khanna Defendants' place of business where the precious metal powders were extracted and then transported elsewhere to be sold for profit. 1SSI ¶¶ 10-11.

In November 2022, Defendant and his parents, Anita Khanna and Nirmal Khanna, took over business operations under a new name after the arrest of his brothers. 1SSI ¶¶ 30 and 31. As part of daily business operations, Defendant used proprietary software technology called ScrapRight to inventory all vehicles purchased for scrap and recycling. Counsel anticipates that Defendant Michael Khanna's use of ScrapRight to disclose inventory and comply with all laws and regulations may contradict the government's allegations against him and his parents and decrease any loss amount.

Defendant and his parents purchased a subscription for ScrapRight, a database designed specifically for scrap metal recycling businesses to inventory non-operational and wholesale vehicles. ScrapRight also served as the mechanism to inform New Jersey Department of Transportation that vehicles were recycled for scrap. Information entered into ScrapRight, such as the VIN, condition and composition of the vehicle (often the absence of tires, catalytic converters and various parts), and other details were transmitted from ScrapRight to New Jersey Department of Transportation to demonstrate compliance with New Jersey state regulations.

Defendant must subpoena records from ScrapRight because it is the only custodian and source of the vehicle information entered into its database. Defendant did not maintain any paper records of ScrapRight transactions.

///

///

///

III. <u>GOOD CAUSE EXISTS TO REQUIRE RETURN OF THE DOCUMENTS BEFORE TRIAL</u>

Defendant's subpoena to ScrapRight is relevant to his defense because these records will establish that Defendant engaged in lawful business by subscribing to proprietary recycling and scrap yard software to report his compliance with New Jersey laws and regulations. Counsel anticipates that ScrapRight records will generate additional defense investigation and third-party subpoenas. Counsel may also designate ScrapRight records as defense trial exhibits.

The subpoena specifying material sought by the ScrapRight is based upon Defendant's use of the proprietary software, confirmation of the subscription held by Defendant with ScrapRight's creator Shon Duty, and review of the ScrapRight website characterizing its product as "recycling software … [to] ensure total metal purchase compliance, generate key reports instantly, and … deliver[ ] real-time, detailed summaries and reports. …".



https://www.scrapright.com/

Defendant Khanna has not accessed ScrapRight since March or April 2022. He utilized its Purchasing, Inventory Management, and Accounting and Reporting features but did archive this data. According to ScrapRight's online content, the software is capable of "generating detailed reports with a breeze."



https://www.scrapright.com/

Defendant's subpoena addresses ScrapRight's burden to comply with the subpoena with instructions to (1) produce ScrapRight ESI and reports in readable usable CSV format or as images (TIFF, JPG, and/or PDF), and (2) furnish an index referring to common metadata (file/document title, creator, date/time created, accessed, modified). Defendant's production protocol conserves resources because the alternative approach, seeking funds for a monthly ScrapRight subscription to examine and convert ESI, is impractical.

The ScrapRight subpoena also seeks all communication and documents regarding Defendant's subscription. Finally, the subpoena contains a request for ScrapRight to sign a certificate to authenticate its records. The burden to produce ScrapRight records sought is outweighed by the likelihood that such information can establish that Defendant operated a lawful business.

Rule 17(c) of the Federal Rules of Criminal Procedure authorizes issuance of third

party subpoenas duces tecum, requiring pretrial production of documents pertaining to the defense. For the reasons stated herein, the subpoena duces tecum for ScrapRight records is relevant and admissible and has been identified with specificity. *See,* e.g., *United States v. Eden*, 659 F.2d 1376, 1381 (9th Cir. 1981). *Eden* further requires that the proponent demonstrate that the materials are not available from any other source and that their examination should not await trial. *Eden*, 659 F.2d at 1381.

## IV. THE ATTACHED SUBPOENA INDICATES THAT SCRAPRIGHT MAY RETURN THE DOCUMENT TO THE COURT

The records sought by the ScrapRight subpoena were generated by Defendant in the course of business and maintained in a proprietary database. As such, the ScrapRight subpoena allows return of the business records to defense counsel to eliminate the need for an ex parte hearing to release the records.

## V. CONCLUSION

It is respectfully requested that Your Honor sign the order below, and return to defense counsel, so that the subpoena may issue and that copies of this order may be filed with the clerk.

Dated: December 11, 2025          LAW OFFICES OF OLAF W. HEDBERG

*/s/Olaf W. Heberg*
OLAF W. HEDBERG
Counsel for Defendant MICHAEL KHANNA

## ORDER

The Court has considered Defendant Michael Khanna's Ex Parte Request for a Subpoena to The Kaimon Group Inc. dba ScrapRight, and finds that good cause to issue this subpoena and order service of the subpoena by the U.S. Marshal.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court issue the subpoena duces tecum to ScrapRight;
2. The U.S. Marshal serve the subpoena upon The Kaimon Group Inc. dba ScrapRight, at 413 Phoenix Drive, Chambersburg, PA 17021; and
3. The U.S. Marshal furnish the return of service to counsel for Michael Khanna.

Dated: December 11, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE